**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ASSOCIATION OF NURSE PRACTITIONERS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LINDA MCMAHON, *et al.*,<br><br>    Defendants. | Case No. 1:26-cv-01780 |

**PLAINTIFFS' MOTION FOR STAY UNDER 5 U.S.C. § 705**
**AND FOR PRELIMINARY INJUNCTION**

Pursuant to 5 U.S.C. § 705, Federal Rule of Civil Procedure 65, and Local Civil Rule 65.1(a), Plaintiffs respectfully move this Court for an order staying the definition of "professional degree" in the Department of Education's final rule titled "Reimagining and Improving Student Education—Federal Student Loan Program Final Regulations," 91 Fed. Reg. 23768, 23882-23883 (May 1, 2026) (to be codified at 34 C.F.R. § 685.102(b)), and enjoining Defendants from enforcing the statutory caps on federal student loan availability applicable to students pursuing "graduate" and "professional degrees," 20 U.S.C. § 1087e(a)(4), pending promulgation of a lawful replacement rule.

As set forth in the accompanying memorandum of law, Plaintiffs are likely to succeed on the merits because the challenged rule is contrary to law in violation of the Administrative Procedure Act. Plaintiffs and their members will suffer immediate and irreparable harm absent relief because the rule unlawfully restricts access to federal student loans, reducing enrollment, disrupting educational programs and institutions, and impairing Plaintiffs' and their members'

core organizational missions. The balance of equities and the public interest strongly favor relief. A stay under 5 U.S.C. § 705 and preliminary injunctive relief are necessary to preserve the status quo and prevent unlawful disruption to educational financing while this litigation proceeds.

Plaintiffs respectfully request that the Court enter the accompanying proposed order granting Plaintiffs' motion for a stay. Pursuant to Local Civil Rule 65.1, Plaintiffs' counsel emailed the Directors of the Federal Programs Branch of the Department of Justice to inform them of the filing of the complaint in this matter and this accompanying motion by email and provided an as-filed copy of the complaint on May 21, 2026 at 4:48pm, and are providing them with as-filed copies of this motion and supporting papers contemporaneously with this filing.

Pursuant to Local Civil Rule 65.1(d), Plaintiffs respectfully inform the Court that expedition of this motion is essential for the reasons stated in the accompanying memorandum of law, because they will suffer irreparable harm unless relief is granted in advance of the July 1, 2026 effective date of the rule. Plaintiffs accordingly request that the Court hold a hearing on their motion within 21 days of the date of this filing.

Dated: May 21, 2026

Respectfully submitted,

/s/ *Joel McElvain*
Joel McElvain (DC Bar No. 448431)
Elena Goldstein (DC Bar No. 90034087)
Tsuki Hoshijima (DC Bar No. 90043312)
Ryan Cooper (DC Bar No. 1645301)
Jennie L. Kneedler (DC Bar No. 500261)
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
egoldstein@democracyforward.org
thoshijima@democracyforward.org
rcooper@democracyforward.org
jkneedler@democracyforward.org

 /s/ Daniel F. Jacobson
Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Nina C. Cahill (DC Bar No. 1735989)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148

dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com


*Counsel for Plaintiffs*