IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN ASSOCIATION OF NURSE
PRACTITIONERS, et al.

        **Plaintiffs,**

v.

LINDA MCMAHON, et al.,

        **Defendants.**

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

**Case No. 26-cv-01780-BAH**

**Consolidated with
Case No. 26-cv-01941-BAH**

**SUPPLEMENTAL DECLARATION OF LISA M. GABLES
IN SUPPORT OF PLAINTIFFS AMERICAN ACADEMY OF
PHYSICIAN ASSISTANTS AND PA EDUCATION
ASSOCIATION'S MOTION FOR PRELIMINARY
INJUNCTION**

I, Lisa M. Gables, do hereby declare, in response to the Court's Minute Order of June 23, 2026:

1. The facts set forth herein are of my own personal knowledge, and if called to testify thereto, I could and would do so under oath.

2. I am the Chief Executive Officer (though not a member) of the American Academy of Physician Associates ("AAPA"), a position I have held since September 2020 after serving as interim CEO since June 2019.

1

3.      I have reviewed the records of our members and can confirm the following.

4.      All of the individuals whose Declarations were submitted with the PAEA and AAPA Plaintiffs' Motion for a Preliminary Injunction are members of AAPA except for Olivia Trull (Exhibit 7), Jasmine Vasquez (Exhibit 9), Sara Fletcher, CEO of the PAEA, and me.

5.      In addition to its membership, AAPA represents pre-PA students as core members of its constituency, in much the same way that the American Bar Association represents the interests of practicing attorneys, judges, law students, and pre-law students, without regard to their membership.

6.      Dr. Reamer Bushardt is a member of AAPA, in addition to representing in his Declaration, the Massachusetts General Hospital Institute of Health Professions, a member of PAEA. Exhibit 4.

7.      Ms. Trull's and Ms. Vasquez's declarations are offered to help illustrate actual harm that will occur if the definition of Professional Degree in the Final Rule is not enjoined or set aside.

8.      To help address the Court's questions regarding CIP codes, these codes have historically been used by the Department of Education to identify academic programs for federal reporting purposes. The Classification of Instructional Programs (CIP) provides a taxonomic scheme that supports the accurate tracking and reporting of fields of study and program completions activity. CIP was originally developed by the U.S. Department of Education's National Center for Education Statistics (NCES) in 1980, with revisions occurring in 1985, 1990, 2000, 2010 and 2020.

9.      The four-digit CIP Codes for Chiropractic (51.01), Dentistry (51.04), Medicine (51.12), Osteopathic Medicine (51.19), Optometry (51.17), Podiatry (51.21), and Law (22.01) refer only to those specific degree programs.

10.     Several other CIP codes for other degrees listed in the Final Rule, including Pharmacy (51.20), Theology (39.06), and Clinical Psychology (42.28), can also be used to refer to degrees that are very similar to the listed degrees (i.e. School Psychology, Family Psychology, Forensic Psychology, etc. for 42.28, Talmudic Studies for 39.06, and Clinical,

Hospital, and Managed Care Pharmacy for 51.20) or related programs that do not meet the three-part operative test (e.g. Pre-Theology/Pre Ministerial Studies for 39.06 and Pharmaceutical Marketing and Management for 51.20).

11.     The CIP Code requirement keeps the definition of Professional Degree narrow.

12.     Because the CIP codes function in the Final Rule to narrowly lock-in the degrees listed in the Final Rule, and therefore operate to exclude degrees that would otherwise meet the statutory definition of Professional Degree, including PA degrees, Plaintiffs AAPA and PAEA consider the use of CIP codes among the provisions in the Final Rule that are contrary to the statutory definition of Professional Degree.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this ___23nd_ day of June, 2026 at _Clifton___, VA_.


_____
Lisa M. Gables

3

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 23, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's ECF system.

/s/ *Paul D. Cullen , Jr.*
Paul D. Cullen, Jr.