**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF NURSE PRACTITIONERS, *et al.*, | |
| Plaintiffs, | Case No. 1:26-cv-01780 |
| v. | |
| LINDA MCMAHON, *et al.*, | Consolidated with Case No. 1:26-cv-1941 |
| Defendants. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
AN AMENDED AND SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d), Plaintiffs American Association of Nurse Practitioners, National Association of Pediatric Nurse Practitioners, American Association of Colleges of Nursing, Association of Schools and Programs of Public Health, National Education Association, and American Association for Marriage and Family Therapy ("*AANP* Plaintiffs") respectfully move for leave to file the proposed Amended and Supplemental Complaint attached as Exhibit A. A redline showing the proposed changes to the Complaint, ECF No. 1, is attached as Exhibit B. Counsel for the *AANP* Plaintiffs conferred with counsel for the other parties, and no other party opposes this motion.

**BACKGROUND**

The *AANP* Plaintiffs filed this action on May 21, 2026, challenging a final rule (the "Rule") issued by the U.S. Department of Education (the "Department") that narrowly defined the term "professional degree," thereby limiting the availability of student loans to students pursuing certain nursing, counseling, public health, and education degrees. ECF No. 1. They

concurrently moved for a stay of the rule under 5 U.S.C. § 705 and for preliminary injunctive relief. ECF No. 4. This action was then consolidated with *PA Education Association v. U.S. Department of Education*, No. 1:26-cv-1941-BAH (D.D.C), which asserted a similar challenge to the rule as it applies to certain physician-assistant degrees. Min. Order (June 5, 2026).

On June 24, 2026, the Court granted the *AANP* Plaintiffs' motion in part and denied it in part. ECF Nos. 46. The Court stayed a portion of the Rule's definition of "professional degree" which added requirements to those supplied by Congress, but the Court denied Plaintiffs' remaining requests for relief. *Id.* In short, the Court determined that whether any particular degree program qualifies as a "professional degree," under the correct definition of that term, is "a question best reserved for the agency to consider in the first instance." *Id.* at 48.

Following that ruling, the Department twice issued guidance (the "Guidance") purporting to implement the Court's decision by specifying which degree programs the Department will treat at "professional degrees" for the duration of the Court's stay. On June 29, 2026, the Department filed a Notice of Department Action stating that it had published guidance identifying, by six-digit CIP code, the degree programs it would treat as "professional degrees" for the duration of the stay. ECF No. 47. That guidance designated 29 CIP codes as qualifying and 25 as non-qualifying, but did not address numerous degree programs relevant to Plaintiffs and their members, including many nursing, public health, marriage and family therapy, and specialized education degrees. On July 10, 2026, the Department filed an updated notice further addressing, but not fully resolving, which degrees it would treat as professional degrees during the stay. ECF No. 50.

The Court then entered the parties' jointly proposed scheduling order to govern further proceedings. ECF No. 51; Min. Order (July 20, 2026). Under the scheduling order, "plaintiffs

shall file any supplemental or amended complaints" by July 30, 2026. *Id.* Plaintiffs seek leave to file the accompanying Amended and Supplemental Complaint to (a) add factual allegations concerning the Department's June 29 and July 10, 2026 guidance documents, (b) add three new counts challenging that guidance under the APA, and (c) make other minor amendments. .

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) provides that a party "may amend its pleading once as a matter of course no later than" (A) "21 days after serving it," or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "Motions for leave to supplement 'are to be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other parties to the action."'" *Organic Trade Ass'n v. USDA*, No. 17-CV-01875, 2026 WL 1224002, at *8 (D.D.C. May 5, 2026) (quoting *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)). On the other hand, "leave to supplement 'should be denied' when 'the complaint, as amended, would radically alter the scope and nature of the case.'" *Id.* (quoting *Powder River Basin Res. Council v. U.S. Dep't of the Interior*, No. 22-cv-2696, 2026 WL 555013, at *9 (D.D.C. Feb. 27, 2026)).

## ARGUMENT

The Court should grant the *AANP* Plaintiffs leave to file the proposed Amended and Supplemental Complaint. For one, Defendants have not yet filed a responsive pleading in this

case and therefore the *AANP* Plaintiffs may file an amended complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1)(B). Nevertheless, the *AANP* Plaintiffs seek leave to file the proposed pleading because it is both an amended complaint, under Federal Rule of Civil Procedure 15(a) and also a supplemental complaint, under Federal Rule of Civil Procedure 15(d). *See Thorp v. District of Columbia,* No. 15-cv-195-JEB, 2016 WL 10833538, at *2 (D.D.C. Apr. 12, 2016) ("The key difference between the two Rules is that *amendments* 'relate to matters that occurred *prior* to the filing' of the pleading to be amended, whereas *supplements* "set[] forth transactions or occurrences or events which have happened *since*" that pleading." (quoting *Hall*, 437 F.3d at 100) (emphasis and alterations in original)). The Court should grant the *AANP* Plaintiffs leave to supplement for the following two reasons.

First, supplementation "will promote the economic and speedy disposition of the entire controversy between the parties." *Organic Trade*, 2026 WL 1224002, at *8 (citation omitted). *AANP* Plaintiffs brought this action to challenge the Department's definition of the term "professional degree" and the agency's decision to exclude certain degree programs from the scope of that term. The Department's decision as to what degree programs will be treated as "professional degrees" is now effectuated through both the Rule and the Department's subsequent Technical Guidance. Allowing the *AANP* Plaintiffs to challenge both Rule and the Technical Guidance in a single pleading will appropriately allow a single controversy to be resolved through a single lawsuit. And nothing about the proposed supplement "would radically alter the scope and nature of the case." *Powder River*, 2026 WL 555013, at *9 (citation omitted).

Second, supplementation "will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other parties to the action." *Id*. (citation omitted.) The *AANP* Plaintiffs have previously notified the other parties that they intend to supplement their complaint to

4

challenge the Guidance, and the scheduling order, jointly proposed by the parties, anticipates that the *AANP* Plaintiffs would do so, *see* Min. Order (July 20, 2026). The *AANP* Plaintiffs are filing this motion within the time contemplated in this Court's Minute Order.

**CONCLUSION**

For the foregoing reasons, the Court should grant the *AANP* Plaintiffs leave to file the proposed Amended and Supplemental Complaint.

Dated: July 30, 2026

Respectfully submitted,

/s/ Nina C. Cahill
Nina C. Cahill (DC Bar No. 1735989)
Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com

/s/ *Joel McElvain*
Joel McElvain (DC Bar No. 448431)
Elena Goldstein (DC Bar No. 90034087)
Tsuki Hoshijima (DC Bar No. 90043312)
Ryan Cooper (DC Bar No. 1645301)
Jennie L. Kneedler (DC Bar No. 500261)
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
egoldstein@democracyforward.org
thoshijima@democracyforward.org
rcooper@democracyforward.org
jkneedler@democracyforward.org

*Counsel for Plaintiffs*